**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

September 11, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Carlton J. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-1758-DRM

Dear Counsel:

On June 3, 2025, Plaintiff Carlton J. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case (ECF No. 9) and the parties' briefs (ECF Nos. 12, 14 and 16). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 23, 2021, alleging a disability onset of December 23, 2021. Tr. 18. Plaintiff's claims were denied initially and on reconsideration. Tr. 18. On April 15, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 18. Following the hearing, on June 3, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq., during the relevant time frame. Tr. 29. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged

period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 23, 2021, the alleged onset date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "cervical and lumbar degenerative disc disease (DDD); amputation of the left forefoot; and peripheral neuropathy." Tr. 21. The ALJ also determined that Plaintiff suffered from the non-severe impairments of hypertension, asthma, major depressive disorder and anxiety disorder. Tr. 21. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), and in particular can lift, carry, push and pull 10 pounds occasionally and less than 10 pounds frequently, sit for 6 hours in an 8-hour workday, and stand and walk for 2 hours in an 8-hour workday with the assistance of a cane for ambulation, with the following additional limitations. He can: never, with the left lower extremity, push, pull, and operate foot controls; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ropes, ladders, or scaffolds; and never be exposed to moving mechanical parts and unprotected heights.

Tr. 23-24. At steps four and five, the ALJ determined that Plaintiff was unable to perform past relevant work as an order picker, but he could perform other jobs that existed in significant numbers in the national economy such as final assembler and pharmaceutical sealer. Tr. 27-28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 29.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises two arguments on appeal. This opinion will focus on the second argument, specifically that the ALJ relied on the opinion of the SSA's consultative medical examiner Anuja Kurichh, M.D., to support findings the ALJ included in the RFC on how much time Plaintiff could stand and walk in a workday, despite Dr. Kurichh's opinion not including any specific time limits, possibly as the result of a transcription error. ECF No. 12 at 8-10. Plaintiff argues that the ALJ found Dr. Kurichh's opinion generally unpersuasive, yet found it persuasive as to limitations on standing and walking even though it does not include time limits and that section of the opinion is missing portions of a sentence. ECF No. 12 at 8-9.

Plaintiff adds that this alleged error harmed his application because Dr. Kurichh's opinion is the "only medical source statement from an examining medical provider during the relevant period" and the restrictions and missing time limits are "critical vocational details." ECF No.12 at 9-10. Finally, Plaintiff contends that because Dr. Kurichh is the SSA's consultative examiner not Plaintiff's provider, Plaintiff had no ability to get clarification from Dr. Kurichh, but the ALJ was in the best position to do so. ECF No. 12 at 9-10.

Defendant counters that the ALJ found Dr. Kurichh's opinion unpersuasive and "it does not matter therefore to what Dr. Kurichh opined." ECF No. 14 at 8-9. Defendant adds that, "the limitations on standing and walking were supported by Dr. Kuricch's own examination of Plaintiff, but were still not entirely consistent with the treatment record." ECF No. 14 at 9. Defendant argues that, "Plaintiff's red herring that Dr. Hutcheson noted Dr. Kurichh did not include 'critical time details as to how long Plaintiff can sit, stand, or walk' is of no matter." ECF No. 14 at 9.

Defendant notes, "as the ALJ indicated, Dr. Kurichh's indication that Plaintiff's ability to do 'prolonged' sitting, standing, and walking was vague." ECF No. 14 at 9. Defendant avers that, "[j]ust because it was vague does not mean there was any additional burden put on the ALJ – ALJs find opinions to be vague all the time." ECF No. 14 at 9. Defendant argues that "[t]he ALJ most certainly has the fact-finding leeway to discount an opinion because it is vague or not helpful vocationally, i.e., not valuable or persuasive." ECF No. 14 at 9. Defendant concludes that, "vagueness in the context of an opinion not giving work-related functionally-relevant limitations is within the ALJ's assessment ability." ECF No. 14 at 10.

In reply, Plaintiff reiterates the importance of knowing what were Dr. Kurichh's standing and walking limitations for Plaintiff. ECF No. 16 at 2. Plaintiff adds, "there is no doubt here that Dr. Kurichh accidentally forgot to include her limitations" in her report. ECF No. 16 at 2. Plaintiff argues that this is not "a case of vague limitations, but rather an obvious transcription error," which Plaintiff contends "equates to an evidentiary gap that the ALJ easily could have rectified simply by asking Dr. Kurichh to complete her findings post-hearing." ECF No. 16 at 2. Plaintiff argues that had the ALJ recognized this distinction, he might have obtained the missing information, which might have sustained Plaintiff's claim, so this omission harmed Plaintiff. ECF No. 16 at 3.

As this Court articulated in *Shecona W. v. Kijakazi*:

> Courts in the Fourth Circuit have found reversible error when an ALJ fails to develop the medical record fully and fairly, such that doubt is cast on whether the ALJ's decision is informed. *See*, *e.g.*, *Huddleston v. Astrue*, 826 F.Supp. 942 (S.D.W.V. Nov. 23, 2011) (remanding for the ALJ's failure to inquire into the existence of relevant supplemental records and consultative examinations). "Although a claimant has the ultimate responsibility to prove disability, ... an ALJ has a concurrent duty to ensure that the record is adequately developed to provide a sound basis for the disability determination and to 'facilitate judicial review.'" *Id.* at 958 (quoting *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987); *Cook*, 783 F.2d at 1172). "This circuit has held that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate." *Id.* (quoting *Cook*, 783 F.2d at 1173) (citations omitted).

*Shecona W. v. Kijakazi*, No. SAG-21-0819, 2022 WL 2805632, at *2 (D. Md. July 18, 2022) (remanding because the ALJ failed to "fully develop the record as to Plaintiff's mental limitations," where the record had showed little mental health treatment, but the ALJ received additional, limited mental health evidence from claimant after the hearing and "took no action to develop the record after receiving those records, such as contacting the treating source for additional information or ordering a consultative examination to corroborate or undermine those findings.").

Here, the ALJ included in the RFC findings that Plaintiff retained the residual functional capacity to "sit for 6 hours in an 8-hour workday, and stand and walk for 2 hours in an 8-hour workday with the assistance of a cane for ambulation." Tr. 23. In the decision, the ALJ supported those findings, at least in part, with reference to Dr. Kurichh's exam and opinion. Specifically, the ALJ stated that although he found Dr. Kurichh's opinion otherwise unpersuasive:

> (The limitations on standing and walking are supported by Dr. Kurichh's exam of the claimant, which as discussed above found positive SLR, limping gait, etc.; these limitations are still not entirely consistent with the treatment record but nonetheless are persuasive given their support from the consultative exam. However, they are too vague to have been of much use here.)

Tr. 26.

The ALJ does not expressly support the standing and walking limitations with another medical opinion. The ALJ does state that "[t]he undersigned has essentially adopted [State medical consultant] Dr. Hutcheson's proposed limitations as the residual functional capacity assessment," except for an upper extremity and foot control limitation. Tr. 26-27. Dr. Hutcheson's consultative opinion includes restrictions as to sitting, standing and walking, which match those in the RFC. Tr. 120. Dr. Hutcheson's opinion also includes an evaluation of Dr. Kurichh's opinion and notes the issues, stating "[t]he statement is unclear and seems to be missing information. There are no details related to the amounts of time the claimant can walk, stand or sit. Also no details as to why

they cannot lift/carry any weight." Tr. 120. Dr. Hutcheson concludes, "Objective findings could support some functional limitations but the lack of detail within this statement makes it minimally persuasive." Tr. 120.

The gaps in Dr. Kurichh's opinion that Dr. Hutcheson notes as "unclear" and "missing information," and that the ALJ characterizes as "vague," do appear to be the result of a transcription error. The conclusion of Dr. Kurichh's opinion reads as follows, including original punctuation and spacing:

> I feel that Mr  James's ability to do work related activities such as prolonged sitting, standing and Walking due to his medical problems.
>
> He does not drive. Family helps him out.  He uses Cane as an assistive device.
>
>  His speech  is normal. He complains of occasional hearing difficulties but was able to hear normal conversation during the examination today.
>
> He cannot  lift and carry  any weight.
>
> Patient was advised that  He will need further evaluation for Peripheral a disease evaluation ASAP and to contact his doctor today

Tr. 455.

The statement at issue, beginning "I feel that Mr  James", is not a complete sentence and does not complete Dr. Kurichh's thought on the subject of Plaintiff's ability to sit, stand, or walk. The passage also contains pedestrian errors in punctuation, spacing, and capitalization that are suggestive of a transcription issue, rather than a choice on the part of the physician. Without a complete, correct statement of Dr. Kurichh's opinion, there is no way to know whether she would have proposed the same measures as those included in the RFC, or more or less restrictive measures, or no restrictions at all—or what restrictions the ALJ might have adopted or rejected with the benefit of Dr. Kurichh's complete opinion. As as result, the Court is unable to determine whether the ALJ's RFC finding was supported by substantial evidence.

Remand is necessary "[w]hen the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Shecona W.*, 2022 WL 2805632, at *2 (quoting *Huddleston v. Astrue*, 826 F. Supp. 2d at 958). "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Id.* The Court agrees with Plaintiff that the ALJ erred by not developing this aspect of the record, warranting remand. *Cf. Lori D. v. Comm'r, Soc. Sec. Admin.*, No. SAG-23-2471, 2024 WL 1374955, at *4 (D. Md. Apr. 1, 2024) (remand not required where "the ALJ attempted to fairly develop the record" and "noted that 'attempts have been made by [Plaintiff] and [the SSA] to locate records from a physician that Plaintiff saw many years ago

whose whereabouts are unknown,'" but "Plaintiff reported that the physician 'disappeared,'" and "the ALJ delayed three separate hearings to allow Plaintiff to obtain additional medical records."); *see also Hofmann v. Colvin*, No. GLS-16-3002, 2018 WL 2740010, at *5 (D. Md. Apr. 23, 2018) (ALJ did not fail to develop the record by denying claimant's request to order X-rays of her back where the record contained "numerous medical reports from physicians addressing plaintiff's alleged back pain," none suggested x-rays were necessary and some mentioned no medical need for X-Rays).

Defendant argues that as the ALJ found Dr. Kurichh's opinion to be unpersuasive, "it does not matter therefore to what Dr. Kurichh opined." ECF 14 at 8-9. The ALJ, however, found the portion of Dr. Kurichh's opinion that addressed standing and walking limitations "persuasive given their support from the consultative exam." Tr. 26. Defendant also argues that the ALJ found Dr. Kurichh's opinion "vague" as to these restrictions and that the ALJ has "leeway to discount an opinion because it is vague or not helpful vocationally." ECF 14 at 9-10 (citing *Fuller v. Saul*, No. 18-2042-RBH-PJG, 2019 WL 4395299, at *7 (D.S.C. Aug. 28, 2019), *report and recommendation adopted*, No. 18-2042-RBH, 2019 WL 4393960 (D.S.C. Sept. 13, 2019) (finding that ALJ "applied the relevant factors" in evaluating treating physician opinions, including an apparently complete report which the ALJ found unpersuasive as to a portion of the opinion which, among other issues, did not include specific limitations)). Here, however, the portion of Dr. Kurichh's opinion that dealt with the restrictions was incomplete, with gaps in the transcription and missing information, rather than merely vague. The ALJ found that portion of the opinion to be persuasive and stated it supported the RFC's restrictions on standing and walking, yet did not attempt to obtain a complete, accurate transcription of this portion of the opinion.

Because the case is being remanded on other grounds, the Court need not address Plaintiff's other argument. On remand, the ALJ is welcome to consider that argument and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge